UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-393-KSF

ANGELA J. DEAKLE                                                                                              PLAINTIFF

v.                                            **OPINION & ORDER**

WOODALL CONSTRUCTION COMPANY, INC.
d/b/a WOODALL CONSTRUCTION COMPANY                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion of the plaintiff to remand this action to the Fayette Circuit Court pursuant to 28 U.S.C. § 1447(c). [DE # 5] This motion has been fully briefed and is ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of an incident which occurred on August 3, 2004. At that time, the Plaintiff, Angela Deakle, was operating a United States Postal Truck in the scope and capacity of her employment as a United States Postal Worker. A collision occurred at the intersection of US 127, Nicholasville Road, and Southpoint Drive in Fayette County, Kentucky between Deakle and Thelma M. Liesegang, an employee of the defendant, Woodall Construction Company, Inc., d/b/a Woodall Construction Company ("Woodall"). Deakle alleges that the accident was a result of Liesengang's negligence in causing her vehicle to run a red light and collide with Deakle's postal truck, causing

1

her severe bodily injuries.

Deakle filed this action on July 27, 2006 in Fayette Circuit Court against Woodall, Liesengang's employer, seeking damages, including punitive damages, under Kentucky law. This action was removed by Woodall pursuant to 28 U.S.C. §§ 1441(b), 1446, 1367, on November 29, 2006. As grounds for the removal, Woodall asserts that this action is related to the claims set forth in *Amerisure Mutual Insurance Company v. United States v. Woodall Construction Company*, Civil Action No. 06-51-KSF, since all claims asserted in both cases arise out of the same motor vehicle accident. *See* 28 U.S.C. § 1441(c). As a result, Woodall contends that because the claims asserted in both actions are part of the same case or controversy under Article III of the United States Constitution, the Court should assume and exercise jurisdiction over this action pursuant to 28 U.S.C. § 1367.

Deakle has filed a motion to remand. In support of her motion, Deakle argues that removal is improper because her Complaint could not have originally been brought in federal district court because there is no federal question at issue and no diversity of citizenship. Furthermore, Deakle argues that the supplemental jurisdiction statute, 28 U.S.C. § 1367, does not permit a party to remove an otherwise unremovable action to federal court simply for consolidation with a related federal action.

**B.   ANALYSIS**

Under 28 U.S.C. § 1441, a defendant in a state court action may remove the action to federal court if the state court action could have been originally filed in federal court and the defendant files a notice of removal with the federal court within thirty days after service of the state court complaint. *See* 28 U.S.C. 1441(a); 28 U.S.C. § 1446. Reviewing Deakle's complaint, it is clear that Woodall

could not have removed the instant case from state court under these statutes as her Complaint does not allege a federal question and there is no diversity of citizenship. Rather, Woodall argues that removal is justified under 28 U.S.C. § 1367(a), which provides:

> *In any civil action of which the district courts have original jurisdiction*, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within which such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a)(emphasis added). Because the state court action is so related to the existing federal court action, Woodall argues that removal was proper and this Court should consolidate the proceedings. While this approach does have the benefit of efficiency and avoids the possibility of inconsistent adjudications of similar issues, Woodall's argument incorrectly attempts to turn 28 U.S.C. § 1367(a) into an independent source of removal jurisdiction. The Sixth Circuit has specifically rejected this approach in *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451 (6th Cir. 1996), holding:

> The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, . . ., and a removal petition therefore may not base subject-matter jurisdiction on the supplemental jurisdiction statute, . . . even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction. . . .

*Ahearn*, 100 F.3d at 456 (citations omitted). In other words, a defendant may not invoke the supplemental jurisdiction statute to bootstrap an otherwise unremovable action into federal court.

Moreover, Woodall has provided no support for its argument that Deakle's employment with the United States Postal Service somehow confers federal question jurisdiction on this case. A review of Deakle's complaint simply reveals no questions of federal law. A plaintiff such as Deakle, in a nondiversity action, is master of her complaint and may avoid federal subject-matter

3

jurisdiction by relying exclusively on state law. *See Catepillar, Inc. v. Williams*, 482 U.S. 386, 392-94 (1987). Accordingly, inasmuch as this court never had original jurisdiction over Deakle's complaint, her motion to remand will be granted.

**C.    CONCLUSION**

For the reasons set forth above, and the Court being fully and sufficiently advised, IT IS HEREBY ORDERED:

(1) that Deakle's motion to remand [DE # 5] is GRANTED;

(2) this matter is REMANDED to Fayette Circuit Court;

(3) the Clerk of the Court SHALL MAIL a certified copy of the order of remand to the clerk of Fayette Circuit Court; and

(4) this matter is STRICKEN from the active docket.

This February 20, 2007.

Signed By:
*Karl S. Forester*  KSF
**United States Senior Judge**